## SANDFORD vs. JUSTICE.

Where a party sold an improvement on the public land, representing himself as entitled to a pre-emption on the land, although it appear that the vendor had no pre-emption, the vendee cannot recover as for a failure of consideration or fraud, unless it appear that the vendor was guilty of a fraud, or that the vendee has sustained some loss.

APPEAL from Greene Circuit Court.

NAPTON, J., delivered the opinion of the court.

This was an action of trespass on the case brought by Justice against Sandford, to recover damages for fraudulent and false representations made by said Sandford in the sale of an improvement to said Justice. The declaration contains eight counts; the first seven counts allege that Sandford falsely and fraudulently sold an improvement to Justice, upon which he represented that there was a pre-emption right, and that there was no pre-emption right on the land. The eighth is a count in trover.

Upon the trial, it was proved that Sandford sold Justice his improvements upon a quarter section of land, for a wagon, a horse, and Justice's note for sixty dollars. The witnesses differed as to the representations made by Sandford; two of them testifying that Sandford represented that he had a pre-emption upon the land which would hold

good until the 1st May, 1844, and the other witnesses not recollecting that anything was said on this subject. Justice was living on the land at the time of the trial, which was in May, 1845, and had been living on the same since his purchase from defendant. He had been using the timber for his own use, and also had hauled from 25 to 28 cords to others.

Joel H. Haden testified that there was no pre-emption on the land, at the time of the sale to Justice, nor at the time of the trial, and that it must be set up at public sale, though he at one time believed that the land was subject to pre-emption.

The court instructed the jury : first, that if Sandford sold a pre-emption to Justice, when he had none, the plaintiff was entitled to recover; and secondly, if they believed if Sandford had obtained Justice's property by fraud or without consideration, the plaintiff must recover. The court further instructed the jury, at the defendant's instance, that if Sandford sold his improvements, and not a pre-emption, they must find for defendant.

The plaintiff obtained a verdict and judgment for the full value of the property which the defendant had got in consideration of his improvement or pre-emption, and the defendant brings the case here by appeal.

We think the first instruction is erroneous, and may have misled the jury. A settler on the public lands, as this court has heretofore held, may sell his improvement, and such a contract is not a contract touching any interest in land, and therefore need not be in writing. A man may renounce his possession and such abandonment in favor of another is a sufficient consideration to support the contract growing out of such renunciation or abandonment. If he represents that the land thus abandoned is subject to a pre-emption right, and such a representation is a fraudulent and false one, he is clearly entitled to derive no benefit from his sale, and the opinion of the circuit court on this branch of the case is unexceptionable. But if, in a case, unaffected by any fraudulent misrepresentation, the vendor is honestly mistaken as to his rights, before the vendee can ask a court of justice to refund to him the purchase money, it must appear that the mistake or misrepresentation has produced a partial or total failure of consideration. Shall the plaintiff in this case be permitted to retain possession of the improvements, which constituted the consideration of his bargain, and also to get back the whole of the purchase money, until it appears that he has been disturbed in his possession? It does not appear that any one has entered the land on which the plaintiff resides, or that he will not ultimately

get all he expected to get. If this were so, or if the plaintiff was compelled to pay more than the minimum price for the land, there might be a failure of consideration.

The first instruction of the circuit court is that if the defendant sold a pre-emption, and no pre-emption existed, the plaintiff was entitled to recover. The sale of a pre-emption can only mean the sale of an improvement, accompanied with a representation of a pre-emption right existing to the improved land. The plaintiff, when he received the possession, obtained all for which he contracted, and if the representation which may have induced him to purchase, has occasioned him a loss, he is entitled to compensation for such loss. The instruction is too broad, and takes from the consideration of the jury, both the question of the *scienter*, and also the consideration of the question whether the plaintiff was damnified by the represention, supposing it to have been untrue. The judgment of the circuit court is therefore reversed, and the case remanded.